Steven J. Nataupsky (State Bar No. 155,913)
*Steven.Nataupsky@kmob.com*
Frederick S. Berretta (State Bar No. 144,757)
*Fred.Berretta@kmob.com*
Boris Zelkind (State Bar No. 214,014)
*Boris.Zelkind@kmob.com*
Jeremy R. Pierce (State Bar No. 246,961)
*Jeremy.Pierce@kmob.com*
KNOBBE, MARTENS, OLSON & BEAR, LLP
550 West C Street, Suite 1200
San Diego, CA 92101
Phone: (619) 235-8550
Facsimile: (619) 235-0176

Attorneys for Plaintiff
99¢ ONLY STORES

E-filing

ORIGINAL
FILED

DEC 1 8 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EMC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 99¢ ONLY STORES, a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> 99¢ PLUS DISCOUNT STORE, a California company, ABDUL RAHMIN, an Individual, and DOES 1-20, INCLUSIVE, <br><br> Defendants. | Case No.: CV 07 6395 <br><br> **COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, TRADEMARK DILUTION AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL** |

Plaintiff 99¢ Only Stores files this Complaint and would show the Court as follows:

**JURISDICTION AND VENUE**

1.     This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.* Jurisdiction is based upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338. Jurisdiction over the state-law claims is based upon 28 U.S.C. § 1338(b) and the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

2.     Venue is proper in this district under 28 U.S.C. § 1391.

**INTRODUCTION**

3.     Plaintiff 99¢ Only Stores seeks redress for the actions of the Defendants that own and/or operate a discount retail store known as 99¢ Plus Discount Store. Defendants have deliberately misappropriated Plaintiff's federally registered names and service marks so as to intentionally create actual confusion between its stores and Plaintiff's chain of stores, all in an effort to misappropriate Plaintiff's goodwill. Plaintiff therefore brings this action for false designation of origin, federal trademark infringement, dilution and unfair competition as well as related claims under California state law.

**PARTIES**

4.     Plaintiff 99¢ Only Stores ("99¢") is a California corporation with its principal place of business in City of Commerce, California. Plaintiff and its wholly owned subsidiaries own over 200 deep-discount retail stores in California, Nevada, Texas and Arizona. Plaintiff's name, trademarks, service marks, and trade dress are nationally, and even internationally, known.

5.     Upon information and belief, 99¢ Plus Discount Store is a company organized under the laws of California, having a store location at 585 Front Street, Soledad, California 93960 doing business under the name of "99¢ Plus Discount Store."

6.     Upon information and belief, Defendant Abdul Rahmin owns and/or operates Defendant 99¢ Plus Discount Store.

/ / /

-1-

7.    Upon information and belief, unnamed Defendants DOES 1 through 20, inclusive, are subject to the personal jurisdiction of this Court due to their infringing use of Plaintiff's name, trademarks, service marks, and trade dress within the Northern District of California.  DOES 1 through 20, inclusive, are believed to be liable for all conduct alleged herein.  All named and unnamed Defendants are believed to be the agents of all other named and unnamed Defendants. When the true names of unnamed Defendants DOES 1 through 20 are ascertained, the pleadings will be amended to reflect such true names.

## FACTS

### Plaintiff's Federal Trademarks and Unique Trade Dress

8.    Plaintiff 99¢ is a publicly traded company on the New York Stock Exchange, who with its wholly owned subsidiaries own and operate over 200 deep discount retail stores featuring everyday re-orderable and one-time closeout merchandise.  Plaintiff's stores all use the same name, trademarks, service marks and trade dress to create a brand known nationally, and even abroad.

9.    Since at least as early as 1981, Plaintiff has continuously used its service marks, trademarks and trade names, referred to herein as the "99¢ Marks," both alone and in connection with other words and designs.  The 99¢ Marks are well-known and famous.  Plaintiff's family of 99¢ Marks includes the following State and Federal registrations (see Exhibits 1-14 for true and correct copies of Plaintiff's PTO registration certificates).

### Federal PTO Registrations

| MARK | REG. NO. | REG. DATE |
|---|---|---|
| "ONLY 99¢ ONLY" | 1,395,427 | May 27, 1986 |
| "99¢ ONLY STORES" | 1,455,937 | September 1, 1987 |
| "DRIVER CARRIES 99¢ ONLY" | 1,712,553 | September 1, 1992 |
| "OPEN 9 DAYS A WEEK 9 AM – 9 PM" | 1,724,475 | October 13, 1992 |
| "ONLY 99¢ ONLY" | 1,730,121 | November 3, 1992 |
| "99¢ ONLY STORES & Design" | 1,741,928 | December 22, 1992 |

-2-

Complaint

| | | |
|---|---|---|
| "99¢ ONLY" | 1,747,549 | January 19, 1993 |
| "99¢ ONLY STORES" | 1,947,809 | January 16, 1996 |
| "99¢" | 1,959,640 | March 5, 1996 |
| "99¢ ONLY STORES & Design" | 2,401,900 | November 7, 2000 |
| "99 THANKS" | 2,761,939 | September 9, 2003 |
| "HIGHWAY 99" | 3,132,449 | August 22, 2006 |
| "HIGHWAY 99 & Design" | 3,132,450 | August 22, 2006 |
| "HIGHWAY 99 YOUR ROAD TO GREAT SAVINGS" | 3,144,871 | September 19, 2006 |

Registration Nos. 1,712,553, 1,730,121, 1,741,928, 1,747,549, 1,947,809, 1,959,640 and 2,401,900 are incontestable under the Lanham Act.

### California State Registrations

| **MARK** | **REG. NO.** | **REG. DATE** |
|---|---|---|
| "99¢ ONLY" | 23,078 | May 9, 1985 |
| "99¢" | 23,958 | August 1, 1985 |
| "OPEN 9 DAYS A WEEK 9AM – 9PM" | 40,745 | August 19, 1992 |
| "99¢ ONLY STORES" | 42,970 | January 12, 1994 |

10.    The common and essential component of Plaintiff's family of 99¢ Marks is the numeral "99."    Plaintiff's 99¢ Marks use large numerals depicting "99" thereby making the numeral "99" the central and featured component of each mark.    Plaintiff uses this depiction of its 99¢ Marks, which feature the numeral "99" on price signs, in-store shelving, on shopping carts, bags and baskets, receipts, merchandise stickers, beach balls, on employee aprons, shirts and name tags, on the company's fleet of trucks and vans, on the company's purchase orders, letterhead, and even the annual reports.

/ / /

Complaint

11.    Plaintiff's advertising capitalizes on its family of 99¢ Marks, and Plaintiff spends more than two million dollars ($2,000,000) annually advertising its business and services under its 99¢ Marks. Plaintiff further emphasizes the common "99" element of its family of 99¢ Marks in slogans, promotions and advertising. Plaintiff's federally registered service mark "99 THANKS" is used in the stores and on cash register receipts. Plaintiff's advertised store locator phone number is "(888) LUCKY 99." Plaintiff's website is "www.99only.com" and extensively features its family of 99¢ Marks. Plaintiff's advertising features a logo containing a road sign that reads, "Highway 99" and is accompanied by a slogan "Your road to great savings." Some other examples include use of the common law service mark "Nothing Over 99¢", the use of a 99-year-old company spokeswoman, and a promotional celebration of the 99th Anniversary of Mother's Day. Plaintiff also has run special campaigns celebrating hockey great Wayne Gretzky's number 99 jersey and the 99th birthday of celebrity Bob Hope, which Mr. Hope enthusiastically supported.

12.    For over 25 years, Plaintiff has invested considerable resources into developing and exploiting its distinctive trade names, trademarks, service marks and trade dress. In addition to Plaintiff's own advertising, important national media have profiled Plaintiff and reinforced the public's association between Plaintiff and its marks. A sample of such media includes: *USA Today, CNN, NBC, Sports Illustrated, Life Magazine, W Magazine, Time, Forbes, Fortune, The Economist, National Review, Newsweek, The Wall Street Journal, ABC National News*, FOX's *MADtv*, and *The Tonight Show*.

13.    Plaintiff's stores were also featured prominently in the critically acclaimed film "*Punch Drunk Love*" and related advertising, as well as the Emmy Award winning *The Ellen DeGeneres Show*, which featured one of Plaintiff's stores and played off of Plaintiff's family of 99¢ Marks highlighting their distinctive nature. The work of a contemporary artist, who captured Plaintiff's distinctive names, marks, trade dress and design in a photograph, has been featured in world-class art museums, such as the Museum of Modern Art in New York ("MOMA") and the Museum of Contemporary Art in California ("MOCA"). Plaintiff has even been profiled by British and French newspapers and magazines.

Complaint

14.    The 99¢ Marks are well-accepted and well-recognized throughout California and by the Monterey County community.  Plaintiff has deep roots in California having opened its first store in the Los Angeles area in 1982.  Since that time, Plaintiff has opened numerous stores throughout California, with excitement for each grand opening being generated by an extensive advertising campaign.  Through its significant expenditures on advertising, Plaintiff's 99¢ Marks have become famous.

## Defendants' Infringing Actions

15.    Calculating to misappropriate Plaintiff's goodwill, Defendants are operating an intentionally confusingly similar discount retail store in Monterrey County, California.

16.    Defendants are trading on Plaintiff's name and goodwill.  Upon information and belief, Defendants are operating a deep-discount retail business while prominently displaying Plaintiff's "99¢" logo on its signage and as part of the store name.  The main store sign displays the phrase "99¢ Plus Discount" in large, block font to identify the store.  (See Exhibit 15 for true and correct copies of photographs of Defendants' store, illustrating Defendants' blatant unauthorized use and copying of Plaintiff's name and marks.)

17.    Plaintiff did not consent to Defendants' use of its proprietary trade name or service marks or any other feature of Plaintiff's goods or services that help identify it to consumers.

18.    Defendants knew they were violating Plaintiff's well-known and prior common law and statutory rights in the family of 99¢ Marks.  Defendants have engaged in this infringing activity despite having constructive knowledge of Plaintiff's federal registrations, as provided under Section 22 of the Lanham Act (15 USC § 1072), and despite having actual knowledge of Plaintiff's prior use of its 99¢ Marks as well.

19.    On or about June 1, 2007, Plaintiff sent Defendants a letter notifying Defendants of Plaintiff's trademark rights, including identifying Plaintiff's U.S. Federal Trademark Registrations.  The letter also demanded Defendants cease and desist unauthorized use of Plaintiff's 99¢ Marks.  (A true and correct copy of the initial cease and desist letter is attached as Exhibit 16).  Defendants did not respond to the October 20, 2006 letter.

///

Complaint

20.     On or about June 18, 2007, Plaintiff sent Defendants a follow-up letter renewing the cease and desist demand. (A true and correct copy of the initial cease and desist letter is attached as Exhibit 17). Defendants did not respond to the June 18, 2007 letter.

21.     Plaintiff has continued its efforts to communicate with Defendants to enforce its trademark rights, but Defendants have refused to cooperate. Defendants have continued the offending practices and have done nothing to remediate the actual confusion that they have caused.

22.     Defendants' unauthorized use of Plaintiff's 99¢ Marks creates in the minds of customers and potential customers a direct association with Plaintiff and its products and services. This irreparably harms the value of Plaintiff's 99¢ Marks and injures Plaintiff's reputation and goodwill. It also unfairly misappropriates for Defendants' benefit Plaintiff's goodwill. Defendants have embarked upon a course of action designed to infringe on Plaintiff's 99¢ Marks, to injure Plaintiff's goodwill and reputation, and to dilute the distinctiveness of Plaintiff's famous 99¢ Marks. Defendants' actions are likely to cause confusion, deception and mistake.

23.     Defendants' acts will cause irreparable injury and harm to Plaintiff and will continue to cause irreparable injury and harm unless and until Defendants are restrained by this Court from violating Plaintiff's rights. Plaintiff has no adequate remedy at law.

## CAUSES OF ACTION

### Count 1

### False Designation of Origin And Unfair Competition

24.     Plaintiff incorporates ¶¶ 1-23 above by reference and realleges the allegations contained therein as though fully set forth herein.

25.     Upon information and belief, Defendants are using marks and logos confusingly similar to Plaintiff's 99¢ Marks, without consent of Plaintiff, in connection with the operation of a deep-discount retail business, and such use constitutes a false designation of origin, a false or misleading description or representation of goods and services, tending wrongfully and falsely to describe or represent a connection between Plaintiff's and Defendants' goods and services.

-6-

26.     Upon information and belief, Defendants had actual knowledge of Plaintiff's ownership and prior use of the 99¢ Marks prior to operating Defendants' deep-discount retail business and have acted knowingly, willfully and maliciously with intent to trade upon the goodwill of Plaintiff and to injure Plaintiff.

27.     The acts of Defendants complained of above constitute unfair competition, false designation of origin of goods and services, and false or misleading description or representation of goods and services under 15 U.S.C. § 1125(a).

28.     Defendants' aforesaid knowingly false representations regarding its services have caused, and are continuing to cause, damage and irreparable harm to Plaintiff in an amount to be determined by this Court.

29.     Plaintiff also seeks injunctive relief because Defendants' aforesaid actions have irreparably injured the consumer recognition and goodwill associated with Plaintiff's family of marks and will continue to irreparably injure Plaintiff unless and until enjoined by this court.

## Count 2

### Federal Trademark Infringement

30.     Plaintiff incorporates ¶¶ 1-29 above by reference and realleges the allegations contained therein as though fully set forth herein.

31.     Plaintiff has a protectable interest in the service marks, names, trademarks and trade dress that make up the 99¢ Marks.

32.     Defendants are making commercial use of Plaintiff's 99¢ Marks in commerce.

33.     Upon information and belief, Defendants had actual knowledge of Plaintiff's prior use of the 99¢ Marks and, without the consent of Plaintiff, have infringed Plaintiff's federally registered marks with the intent to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers, and by deceiving them.

34.     The acts of Defendants complained of above constitute infringement of Plaintiff's federally registered marks in violation of 15 U.S.C. § 1114.

35.     Plaintiff seeks all damages to which it is entitled for Defendants' infringement, in an amount to be determined by this Court.  Moreover, the willful nature of Defendants'

1  infringement and unfair competition renders this an exceptional case within the meaning of 15

2  U.S.C. § 1117.

3      36.  Plaintiff also seeks injunctive relief to prevent the irreparable harm Defendants'

4  infringement has caused, and would continue to cause if not enjoined.

5  **Count 3**

6  **Federal Trademark Dilution**

7      37.  Plaintiff incorporates ¶¶ 1-36 above by reference and realleges the allegations

8  contained therein as though fully set forth herein.

9      38.  Defendants' business name and logo is confusingly similar to Plaintiff's 99¢

10  Marks.

11      39.  Plaintiff's 99¢ Marks are famous.

12      40.  Defendants are making commercial use of Plaintiff's 99¢ Marks in commerce.

13      41.  Defendants' use began after Plaintiff's 99¢ Marks became famous.

14      42.  The acts of Defendants complained of above are likely to cause dilution of the

15  distinctive quality of Plaintiff's 99¢ Marks.

16      43.  The acts of Defendants complained of above constitute dilution in violation of 15

17  U.S.C. § 1125(c).

18      44.  Defendants have acted with the willful intent to trade on Plaintiff's reputation and

19  to dilute Plaintiff's 99¢ Marks within the meaning of 15 U.S.C. § 1125(c).  Plaintiff seeks all

20  damages to which it is entitled for these intentional acts of the Defendants, in an amount to be

21  determined by this Court.

22      45.  Plaintiff also seeks injunctive relief to prevent the irreparable harm Defendants'

23  acts of dilution have caused, and would continue to cause if not enjoined.

24  **Count 4**

25  **California Statutory Trademark Infringement**

26      46.  Plaintiff incorporates ¶¶ 1-45 above by reference and realleges the allegations

27  contained therein as though fully set forth herein.

28  / / /

Complaint

47.     Plaintiff has a protectable interest in the service marks, names, trademarks, and trade dress that make up the 99¢ Marks.

48.     The acts of Defendants complained of above constitute infringement of Plaintiff's marks registered in the State of California in violation of Cal. Bus. & Prof. Code § 14320 and of Plaintiff's federally registered marks in violation of Cal. Bus. & Prof. Code § 14335.

49.     Defendants are using Plaintiff's 99¢ Marks for the purpose of enhancing the commercial value of, or selling or soliciting purchases of, products, merchandise, goods, or services without Plaintiff's prior consent.

50.     Upon information and belief, Defendants had actual knowledge of Plaintiff's ownership and prior use of the 99¢ Marks, including the California state registrations, and have acted knowingly, willfully and maliciously with intent to cause confusion or mistake or to deceive.

51.     Plaintiff seeks all damages to which it is entitled for Defendants' infringement of Plaintiff's California state registrations, in an amount to be determined by this Court.

52.     Plaintiff also seeks injunctive relief under Cal. Bus. & Prof. Code § 14335 to prevent the irreparable harm Defendants' infringement has caused, and would continue to cause if not enjoined.

## Count 5

### California Common Law Trademark Infringement

53.     Plaintiff incorporates ¶¶ 1-52 above by reference and realleges the allegations contained therein as though fully set forth herein.

54.     Plaintiff has a protectable interest in the service marks, names, trademarks, and trade dress that make up the 99¢ Marks.

55.     The acts of Defendants complained of above constitute infringement of Plaintiff's common law rights in its marks under California common law.

56.     Plaintiff seeks all damages to which it is entitled for Defendants' infringement, in an amount to be determined by this Court.

/ / /

Complaint

57.    Plaintiff also seeks injunctive relief to prevent the irreparable harm Defendants' infringement has caused, and would continue to cause if not enjoined.

## Count 6

### California Statutory Trademark Dilution

58.    Plaintiff incorporates ¶¶ 1-57 above by reference and realleges the allegations contained therein as though fully set forth herein.

59.    Defendants' business name and logo are confusingly similar to Plaintiff's 99¢ Marks.

60.    Plaintiff's 99¢ Marks are famous.

61.    Defendants are making commercial use of Plaintiff's 99¢ Marks in commerce.

62.    Defendants' use began after Plaintiff's 99¢ Marks became famous.

63.    The acts of Defendants complained of above are likely to cause dilution of the distinctive quality of Plaintiff's 99¢ Marks and names or injury to Plaintiff's business reputation.

64.    The acts of Defendants complained of herein violate Cal. Bus. & Prof. Code § 14330.

65.    Plaintiff seeks injunctive relief to prevent the irreparable harm Defendants' acts have caused, and would continue to cause if not enjoined.

## Count 7

### California Statutory Trade Name Infringement

66.    Plaintiff incorporates ¶¶ 1-65 above by reference and realleges the allegations contained therein as though fully set forth herein.

67.    Plaintiff has filed articles of incorporation with the State of California pursuant to Section 200 of the Corporations Code.

68.    As between Defendants and Plaintiff, Plaintiff is the first to have filed its articles of incorporation and to obtain the certificate containing Plaintiff's corporate name.

69.    Plaintiff is engaged in a trade and business utilizing its corporate name and other similar names.

///

Complaint

70.    The acts of Defendants complained of above constitute infringement of Plaintiff's corporate trade name and Plaintiff seeks injunctive relief under Cal. Bus. & Prof. Code § 14402 to prevent the irreparable harm Defendants' infringement of its trade name has caused, and would continue to cause if not enjoined.

## Count 8

### California Statutory Unfair Competition

71.    Plaintiff incorporates ¶¶ 1-70 above by reference and realleges the allegations contained therein as though fully set forth herein.

72.    By reason of the foregoing acts, Defendants have intentionally caused a likelihood of confusion among the public, injured Plaintiff's business reputation, and unfairly competed with Plaintiff.

73.    The acts of Defendants complained of herein constitute unfair competition under Cal. Bus. & Prof. Code § 17200.

74.    Upon information and belief, the acts of Defendants were done knowingly, willfully and maliciously with intent to trade upon the goodwill of Plaintiff and to injure Plaintiff.

75.    By these acts, Defendants have caused, and are continuing to cause, damage and irreparable harm to Plaintiff in an amount to be determined by this Court.  Further, by its aforesaid actions, Defendants have irreparably injured the consumer recognition and goodwill associated with Plaintiff's goods and services and Plaintiff's 99¢ Marks, and such injury will continue unless enjoined by this Court.

## Count 9

### California Common Law Unfair Competition

76.    Plaintiff incorporates ¶¶ 1-75 above by reference and realleges the allegations contained therein as though fully set forth herein.

77.    The acts of Defendants complained of herein constitute unfair competition under California common law.

78.    Plaintiff seeks all damages to which it is entitled for the unfair competition.

///

-11-

79.    Plaintiff has suffered irreparable harm as a result of this unfair competition and such injury will continue unless Defendants are enjoined as requested below.

**WHEREFORE**, Plaintiff asks that the Court order:

A.    That Plaintiff's family of registered 99¢ Marks be deemed valid and willfully infringed by Defendants in violation of 15 U.S.C. § 1114, *et seq.*;

B.    That Defendants be adjudged to have violated provisions of 15 U.S.C. § 1125(a) by competing unfairly with Plaintiff by using a false designation of origin, false description or representation;

C.    That Defendants be adjudged to have acted with willful intent to trade on Plaintiff's reputation and to dilute Plaintiff's 99¢ Marks in violation of 15 U.S.C. § 1125(c), *et seq.*;

D.    That Defendants be adjudged to have infringed Plaintiff's rights in and to its common law trademarks and service marks;

E.    That Defendants be adjudged to have competed unfairly with Plaintiff under the common law of the State of California;

F.    That Defendants be adjudged to have willfully infringed Plaintiff's marks registered in the state of California in violation of California Business & Professional Code § 14320;

G.    That Defendants be adjudged to have violated California Business & Professional Code § 14330 by seeking to injure Plaintiff's business reputation and to dilute the distinctive quality of Plaintiff's marks registered in the State of California;

H.    That Defendants be adjudged to have infringed Plaintiff's corporate trade name in violation of Cal. Bus. & Prof. Code § 14402;

I.    That Defendants be adjudged to have competed unfairly with Plaintiff under California Business & Professional Code § 17200, and that Defendants' actions in so doing be adjudged willful and done knowingly;

/ / /

/ / /

-12-

J.      That Defendants, their officers, agents, servants, employees, distributors, attorneys, successors, related companies and assigns, and all those acting in concert with them and/or any of them, be permanently enjoined and restrained from:

       1.      using Plaintiff's 99¢ Marks, or any other mark, name, trade dress, or trade practice that is likely to cause confusion with Plaintiff's 99¢ Marks, in connection with the advertising, promotion, sale and distribution of its business, goods and services;

       2.      doing any other act or thing likely to induce the mistaken belief that Defendants' goods, services or store are in any way affiliated, connected or associated with Plaintiff or its products and services;

       3.      doing any other act or thing likely to cause confusion or induce the mistaken belief that Defendants' goods, services or commercial activities are in any way originated from, sponsored or approved by Plaintiff or its products and services;

       4.      unfairly competing with Plaintiff in any manner whatsoever; and

       5.      causing a likelihood of confusion or dilution with respect to Plaintiff's 99¢ Marks, or injury to the business reputation of Plaintiff;

K.      That Defendants, their officers, agents, servants, employees, distributors, attorneys, successors, related companies and assigns, and all those acting in concert with them and/or any of them, be required to show proof of destruction of any and all displays, signs, circulars, promotional materials, advertisements, and other business identifiers in Defendants' possession, custody or control which bear or depict Plaintiff's 99¢ Marks or any other mark, name, or trade dress confusingly similar to the 99¢ Marks, or likely to dilute the distinctive quality thereof;

L.      That, pursuant to 15 U.S.C. § 1116, Defendants be ordered to file with this Court and to serve upon Plaintiff within thirty (30) days after the entry of an injunction, a report in writing and under oath setting forth in detail the manner in which Defendants have complied with the injunction;

Complaint

M.    That an accounting be ordered to determine Defendants' profits resulting from its infringement, unfair competition, dilution, and false designation of origin, and that Plaintiff be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117 and Cal. Bus. & Prof. Code §§ 14320 and 17200, including:

      1.    all profits received by Defendants from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled;

      2.    all damages sustained by Plaintiff as a result of Defendants' acts of infringement, unfair competition, false designation of origin, and dilution, and that such damages be trebled; and

      3.    punitive damages in the event it is determined that the Defendants' actions were willful, intentional, or malicious;

N.    That such damages and profits be trebled and awarded to Plaintiff pursuant to 15 U.S.C. § 1117;

O.    That, because of the exceptional nature of this case resulting from Defendants' deliberate infringing actions, this Court award to Plaintiff all reasonable attorneys' fees, costs and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117; and

P.    That the Court order such other and further relief as this Court may deem appropriate.

Respectfully Submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 14, 2007    By: _____

Steven J. Nataupsky
Frederick S. Berretta
Boris Zelkind
Jeremy R. Pierce

Attorneys for Plaintiff
99¢ ONLY STORES

-14-

1

## DEMAND FOR JURY TRIAL

2    Plaintiff hereby requests a jury trial of all issues in the above-captioned action.

3

4                          Respectfully Submitted,

5                          KNOBBE, MARTENS, OLSON & BEAR, LLP

6

7
Dated: December 14, 2007          By: _____
8                                     Steven J. Nataupsky
                                       Frederick S. Berretta
9                                     Boris Zelkind
                                       Jeremy R. Pierce
10
                                       Attorneys for Plaintiff 99¢ ONLY STORES
11

12

13

14    4625169
      120607
15

16

17

18

19

20

21

22

23

24

25

26

27

28

<pre>                                    -15-</pre>

**Int. Cl.: 42**

**Prior U.S. Cl.: 101**

**United States Patent and Trademark Office**    Reg. No. 1,395,427
Registered May 27, 1986

## SERVICE MARK
### SUPPLEMENTAL REGISTER

## ONLY 99 ONLY

99 ONLY STORES, INC. (CALIFORNIA CORPO-
RATION)
4927 ALCOA AVENUE
LOS ANGELES, CA 90058

FOR: DEPARTMENT STORE SERVICES, IN
CLASS 42 (U.S. CL. 101).

FIRST USE 12-30-1981; IN COMMERCE
7-13-1982.

SER. NO. 529,236, FILED P.R. 3-28-1985; AM.
S.R. 1-24-1986.

NANCY O. HEBERT, EXAMINING ATTORNEY

Exhibit 1

**Int. Cl.: 42**

**Prior U.S. Cl.: 101**

## United States Patent and Trademark Office

Reg. No. 1,455,937
Registered Sep. 1, 1987

### SERVICE MARK
### SUPPLEMENTAL REGISTER

# 99 ¢ ONLY STORES

99 ONLY STORES, INC. (CALIFORNIA CORPO-
RATION)
4927 ALCOA AVENUE
LOS ANGELES, CA 90058

FOR: DEPARTMENT STORE SERVICES, IN
CLASS 42 (U.S. CL. 101).
FIRST USE 12–30–1981; IN COMMERCE
7–13–1982.

OWNER OF U.S. REG. NO. 1,395,427.
NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "STORES", APART FROM THE
MARK AS SHOWN.

SER. NO. 610,519, FILED P.R. 7–21–1986; AM.
S.R. 2–9–1987.

H. M. FISHER, EXAMINING ATTORNEY

**Exhibit 2**

Int. Cl.: 42

Prior U.S. Cl.: 101

Reg. No. 1,712,553

## United States Patent and Trademark Office    Registered Sep. 1, 1992

### SERVICE MARK
#### PRINCIPAL REGISTER

## DRIVER CARRIES 99 [CENT SYMBOL] ONLY

99 [CENT SYMBOL] ONLY STORES (CALIFOR-
NIA CORPORATION)
3759 JEWEL AVENUE
VERNON, CA 90058

FOR: DEPARTMENT STORE SERVICES, IN
CLASS 42 (U.S. CL. 101).

FIRST   USE   9–0–1991;   IN   COMMERCE
9–0–1991.

SER. NO. 74–228,336, FILED 12–9–1991.

CHRISIE B. KING, EXAMINING ATTORNEY

Exhibit 3

-18-

Int. Cl.: 42

Prior U.S. Cl.: 101

Reg. No. 1,724,475

# United States Patent and Trademark Office

Registered Oct. 13, 1992

## SERVICE MARK
### PRINCIPAL REGISTER

## OPEN 9 DAYS A WEEK 9 AM - 9 PM

99 [CENT SYMBOL] ONLY STORES (CALIFOR-
NIA CORPORATION)
3759 JEWEL AVENUE
VERNON, CA 90058

    FOR: RETAIL DEPARTMENT STORE SERV-
ICES, IN CLASS 42 (U.S. CL. 101).
    FIRST USE 5–25–1987; IN COMMERCE
5–25–1987.

OWNER OF U.S. REG. NO. 1,395,427.

    NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "9AM - 9PM", APART FROM
THE MARK AS SHOWN.

    SER. NO. 74–230,491, FILED 12–16–1991.

RAUL CORDOVA, EXAMINING ATTORNEY

Exhibit 4

-19-

Int. Cl.: 42

Prior U.S. Cl.: 101

United States Patent and Trademark Office

Reg. No. 1,730,121
Registered Nov. 3, 1992

## SERVICE MARK
### PRINCIPAL REGISTER

## ONLY 99 [CENT SYMBOL] ONLY

99 [CENT SYMBOL] ONLY STORES (CALIFOR-
NIA CORPORATION)
3759 JEWEL AVENUE
VERNON, CA 90058

FOR: DEPARTMENT STORE SERVICES, IN
CLASS 42 (U.S. CL. 101).

FIRST USE 12–30–1981; IN COMMERCE
8–13–1982.
OWNER OF U.S. REG. NO. 1,395,427.

SER. NO. 74–244,185, FILED 2–7–1992.

CHRISIE B. KING, EXAMINING ATTORNEY

Exhibit 5

Int. Cl.: 42

Prior U.S. Cl.: 101

**United States Patent and Trademark Office**

Reg. No. 1,741,928

Registered Dec. 22, 1992

## SERVICE MARK
### PRINCIPAL REGISTER



99[CENTS] ONLY STORES (CALIFORNIA COR-
PORATION)
3759 JEWEL AVENUE
VERNON, CA 90058

FOR: DEPARTMENT STORE SERVICES, IN
CLASS 42 (U.S. CL. 101).
FIRST USE 8–5–1987; IN COMMERCE
8–5–1987.

OWNER OF U.S. REG. NO. 1,395,427.
NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "STORES", APART FROM THE
MARK AS SHOWN.
SEC. 2(F).

SER. NO. 74–228,332, FILED 12–9–1991.

CHRISIE B. KING, EXAMINING ATTORNEY

Exhibit 6

Int. Cl.: 42

Prior U.S. Cl.: 101

Reg. No. 1,747,549

**United States Patent and Trademark Office**   Registered Jan. 19, 1993

## SERVICE MARK
### PRINCIPAL REGISTER

## 99 [CENT SYMBOL] ONLY

99 [CENT SYMBOL] ONLY STORES (CALIFOR-
NIA CORPORATION)
3759 JEWEL AVENUE
VERNON, CA 90058

FOR: DEPARTMENT STORE SERVICES, IN
CLASS 42 (U.S. CL. 101).

FIRST USE 8–13–1982; IN COMMERCE
8–13–1982.
SEC. 2(F).

SER. NO. 74–228,334, FILED 12–9–1991.

CHRISIE B. KING, EXAMINING ATTORNEY

Exhibit 7

Int. Cl.: 42

Prior U.S. Cl.: 101

**United States Patent and Trademark Office**

Reg. No. 1,947,809
Registered Jan. 16, 1996

**SERVICE MARK**
**PRINCIPAL REGISTER**

**99 [CENT SYMBOL] ONLY STORES**

99 [CENT SYMBOL] ONLY STORES (CALIFOR-
  NIA CORPORATION)
3759 JEWEL AVENUE
VERNON, CA 90058

  FOR: DEPARTMENT STORE SERVICES, IN
CLASS 42 (U.S. CL. 101).
  FIRST USE 12–30–1981; IN COMMERCE
8–13–1982.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "STORES", APART FROM THE
MARK AS SHOWN.
  SEC. 2(F).

SER. NO. 74–228,333, FILED 12–9–1991.

CHRISIE B. KING, EXAMINING ATTORNEY

Exhibit 8

Int. Cl.: 42

Prior U.S. Cl.: 101

**United States Patent and Trademark Office**

Reg. No. 1,959,640

Registered Mar. 5, 1996

## SERVICE MARK
### PRINCIPAL REGISTER

# 99¢

99(CENTS) ONLY STORES (CALIFORNIA COR-
PORATION)
4000 EAST UNION PACIFIC AVENUE
CITY OF COMMERCE, CA 90023

FOR: DEPARTMENT STORE SERVICES, IN
CLASS 42 (U.S. CL. 101).
FIRST USE 5–31–1989; IN COMMERCE
5–31–1989.

OWNER OF U.S. REG. NOS. 1,712,553, 1,747,549
AND OTHERS.

SEC. 2(F).

SER. NO. 74–515,600, FILED 4–20–1994.

KATHY DE JONGE, EXAMINING ATTORNEY

Exhibit 9

-24-

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,401,900

Registered Nov. 7, 2000

## SERVICE MARK
### PRINCIPAL REGISTER



99(CENT) ONLY STORES (CALIFORNIA CORPORA-
TION)
4000 EAST UNION PACIFIC AVENUE
CITY OF COMMERCE, CA 90023

    FOR: RETAIL STORE SERVICES WITH RESPECT
TO GENERAL MERCHANDISE, IN CLASS 35 (U.S.
CLS. 100, 101 AND 102).
    FIRST USE 6–16–1989; IN COMMERCE 6–16–1989.
    OWNER OF U.S. REG. NOS. 1,395,427, 1,959,640
AND OTHERS.

    THE DRAWING IS LINED FOR THE COLOR(S)
BLUE AND GREEN.
    THE TERM "STORES" IN THE MARK IS REP-
RESENTED IN THE COLOR MAGENTA.

    SEC. 2(F).

    SER. NO. 75–818,541, FILED 10–7–1999.

ZHALEH DELANEY, EXAMINING ATTORNEY

**Exhibit 10**

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,761,939
Registered Sep. 9, 2003

## SERVICE MARK
## PRINCIPAL REGISTER

## 99 THANKS

99¢ ONLY STORES (CALIFORNIA CORPORA-
TION)
4000 EAST UNION PACIFIC AVENUE
CITY OF COMMERCE, CA 90023

FOR: RETAIL STORE SERVICES WITH RESPECT
TO GENERAL MERCHANDISE, IN CLASS 35 (U.S.
CLS. 100, 101 AND 102).

FIRST USE 0-0-1997; IN COMMERCE 0-0-1997.

SER. NO. 78-180,041, FILED 10-30-2002.

GLENN CLARK, EXAMINING ATTORNEY

**Exhibit 11**

-26-

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 3,132,449

Registered Aug. 22, 2006

### SERVICE MARK
#### PRINCIPAL REGISTER

# HIGHWAY 99

99¢ ONLY STORES (CALIFORNIA CORPORA-
TION)
4000 EAST UNION PACIFIC AVENUE
CITY OF COMMERCE, CA 90023

FOR: RETAIL STORE SERVICES FEATURING
GENERAL MERCHANDISE, IN CLASS 35 (U.S. CLS.
100, 101 AND 102).

FIRST USE 7-7-2005; IN COMMERCE 7-7-2005.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-671,713, FILED 7-15-2005.

NELSON SNYDER, EXAMINING ATTORNEY

**Exhibit 12**

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 3,132,450

Registered Aug. 22, 2006

**SERVICE MARK**
**PRINCIPAL REGISTER**



99¢ ONLY STORES (CALIFORNIA CORPORA-
TION)
4000 EAST UNION PACIFIC AVENUE
CITY OF COMMERCE, CA 90023

FOR: RETAIL STORE SERVICES FEATURING
GENERAL MERCHANDISE, IN CLASS 35 (U.S. CLS.
100, 101 AND 102).

FIRST USE 7-7-2005; IN COMMERCE 7-7-2005.

SER. NO. 78-671,741, FILED 7-15-2005.

NELSON SNYDER, EXAMINING ATTORNEY

**Exhibit 13**

**Int. Cl.: 35**

**Prior U.S. Cls.: 100, 101 and 102**

**United States Patent and Trademark Office**

Reg. No. 3,144,871

Registered Sep. 19, 2006

## SERVICE MARK
### PRINCIPAL REGISTER

HIGHWAY 99 YOUR ROAD TO
GREAT SAVINGS

99¢ ONLY STORES (CALIFORNIA CORPORA-
TION)
4000 EAST UNION PACIFIC AVENUE
CITY OF COMMERCE, CA 90023

    FOR: RETAIL STORES SERVICES FEATURING
GENERAL MERCHANDISE, IN CLASS 35 (U.S. CLS.
100, 101 AND 102).

    FIRST USE 7-7-2005; IN COMMERCE 7-7-2005.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-680,582, FILED 7-28-2005.

NELSON SNYDER, EXAMINING ATTORNEY

**Exhibit 14**

Re:  99¢ Plus Discount Store
Ref:  99CENT.109TIS



Photo# 5  99¢ Plus Discount Store
585 Front Street, Soledad, California
and neighboring businesses

Exhibit 15
-30-

Re: 99¢ Plus Discount Store
Ref: 99CENT.109TIS



Photo# 6   Strip Mall
Front Street, Soledad, California

Exhibit 15
-31-

Re: 99¢ Plus Discount Store
Ref: 99CENT.109TIS



Photo# 1  99¢ Plus Discount Store
585 Front Street, Soledad, California

Exhibit 15
-32-

Re:  99¢ Plus Discount Store
Ref:  99CENT.109TIS



Photo# 4  99¢ Plus Discount Store
585 Front Street, Soledad, California

Exhibit 15
-33-

Re: 99¢ Plus Discount Store
Ref: 99CENT.109TIS



Photo #2  Pronto Dollars – Immigration Service/Income Tax
555 Front Street, Soledad, California

Exhibit 15
-34-

Re:  99¢ Plus Discount Store
Ref:  99CENT.109TIS



Photo# 3  99¢ Plus Discount Store
585 Front Street, Soledad, California
Signage in window

Exhibit 15
-35-

# Knobbe Martens Olson & Bear LLP

### Intellectual Property Law

550 West C Street
Suite 1200
San Diego CA 92101
Tel 619-235-8550
Fax 619-235-0176
www.kmob.com

Jeremy R. Pierce
619-687-8615
Jeremy.Pierce@kmob.com

June 1, 2007
**VIA FEDERAL EXPRESS**

Owner/Manager
99¢ Plus Discount Store
585 A. Front Street
Soledad, CA 93960

Re:    99¢ Only Stores' Trademark Rights
       Our Reference: 99CENT.109TIS

Dear Owner/Manager:

This firm represents the 99¢ Only Stores (herein referred to as "99¢"), a public corporation listed on the New York Stock Exchange, ticker NDN, which is the owner of a variety of federally registered, as well as common law, trademarks and service marks, including, without limitation, "99¢" (United States Patent and Trademark Office ("USPTO") registration number 1,959,640), "99¢ ONLY" (USPTO registration number 1,747,549), and "99¢ ONLY STORES" (USPTO registration numbers 1,455,937, 1,947,809, and 2,401,900). More than two decades ago, 99¢ adopted and began to use, and ever since has used, the designation "99¢" as a trade name and service mark. Since that time, 99¢ has expanded the use of its "99¢" designation to embrace a family of 99¢ names and marks including, in addition to the marks listed above, the following additional USPTO registrations: "ONLY 99¢ ONLY" Reg. No. 1,395,427; "DRIVER CARRIES 99¢ ONLY" Reg. No. 1,712,553; "ONLY 99¢ ONLY" Reg. No. 1,730,121; "99¢ ONLY STORES & Design" Reg. No. 1,741,928; and "99 THANKS" Reg. No. 2,761,939.

99¢ relies heavily on its family of "99¢" names and marks to identify itself and its products and services, and to differentiate its business, products and services from competitors in the eyes of customers, potential customers, suppliers, potential lessors, investors, potential investors and others.

| Orange County | San Francisco | Los Angeles | Riverside | San Luis Obispo |
|---|---|---|---|---|
| 949-760-0404 | 415-954-4114 | 310-551-3450 | 951-781-9231 | 805-547-5580 |

Exhibit 16
-36-

**Knobbe Martens Olson & Bear LLP**

June 1, 2007
Page -2-

The 99¢ name, marks and trade dress have become famous nationally and even internationally. Color photographs of 99¢ and its name, marks and trade dress have been featured in national and international magazines including *Newsweek*, *Harper's* (on its cover), *W Magazine*, *American Photograph*, *Us*, *The New Yorker*, *Interior Design*, and *Elle*.

Color photographs of 99¢ have been displayed in top museums from coast to coast in America (the MOMA and the MOCA) as well as overseas, including in France and Britain. 99¢ has been featured in the national media including CNN, NBC, ABC, *The Wall Street Journal*, *Life*, *Fortune*, *Forbes*, *Bloomberg Personal Finance*, and *Smart Money*. 99¢ was even invited to, and did, ring the opening bell at the New York Stock Exchange. 99¢'s stores have been featured in popular media such as the widely distributed film *Punch Drunk Love*, FOX's *MADtv*, *The Tonight Show*, and the Emmy Award winning *The Ellen DeGeneres Show*.

99¢ uses its marks extensively as a point of origin and designation, has spent more than $20 million over the years advertising its mark, and its mark has become very valuable, successful and famous.

Recently, 99¢ discovered that 99¢ Plus Discount Store (herein referred to as "99¢ Plus") is infringing its marks, trade dress, and other valuable and protected intellectual property rights.

In particular, it has come to 99¢'s attention that 99¢ Plus operates a retail store that sells general merchandise under the name of "99¢ Plus" at the location known as 585 A. Front Street, Soledad, California. This retail business operated under the name of "99¢ Plus Discount Store" is a blatant violation of 99¢'s family of marks registered with the United States Patent and Trademark Office. Your simulation of the 99¢'s family of marks will impermissibly deceive customers into believing that your business is 99¢'s business or is licensed, sponsored, or authorized by 99¢.

99¢ operates over 200 stores in Arizona, California, Nevada and Texas, and is famous nationwide and beyond. 99¢ Plus has deliberately proceeded to infringe upon and copy significant aspects of 99¢'s marks and trade dress in an attempt to create confusion and unfairly benefit from 99¢'s expenditure of millions of dollars and decades of hard work.

99¢, reserving all of its rights and remedies, hereby demands that you:

1) Change the name of your store by removing all references to "99¢" or "99 cents" or the numeral "99" from its name, signage materials, and any other business materials; and

2) Change your signage, store design, and any other business materials to alter the marks used therein so that they no longer infringe 99¢'s protected family of names and marks.

99¢ aggressively defends and protects its trademarks, names, and trade dress. 99¢ takes great care to scrutinize and identify potential infringement. Once infringement is identified, 99¢

Exhibit 16
-37-

**Knobbe Martens Olson & Bear LLP**

June 1, 2007
Page -3-

takes swift action to protect its customers and the goodwill associated with its 99¢ family of marks. 99¢ pursues infringers with vigor to the full extent of the law and, as a result, numerous former infringers throughout the United States have come to recognize 99¢'s intellectual property rights either voluntarily or by court order. We have determined that you are infringing 99¢'s protected intellectual property rights. Therefore, we demand that you immediately cease and desist said infringement, and that you immediately remedy the two points identified above.

Please confirm by no later than **June 15, 2007** that you will fully comply with 99¢'s demands to cease and desist.

Sincerely,

Jeremy R. Pierce

cc:   Boris Zelkind, Esq.
      Brenda Heavill

3828816
053107

Exhibit 16
-38-

# Knobbe Martens Olson & Bear LLP

### Intellectual Property Law

550 West C Street
Suite 1200
San Diego CA 92101
Tel 619-235-8550
Fax 619-235-0176
www.kmob.com

Jeremy R. Pierce
619-687-8615
Jeremy.Pierce@kmob.com

June 18, 2007
**VIA FEDERAL EXPRESS**

Owner/Manager
99¢ Plus Discount Store
585 A. Front Street
Soledad, CA 93960

Re:     99¢ Only Stores' Trademark Rights
         Our Reference: 99CENT.109TIS

Dear Owner/Manager:

This is a follow-up to our June 1, 2007 letter demanding that 99¢ Plus Discount Store (herein referred to as "99¢ Plus" or "you") immediately cease and desist infringing the 99¢ Only Stores' (herein referred to as "99¢") trademark rights. 99¢ Plus has not responded to our June 1, 2007 letter.

In the letter, I described 99¢'s famous family of marks and names registered with the United States Patent and Trademark Office and explained that your retail store that sells general merchandise under the name of "99¢ Plus Discount Store" is a blatant violation of 99¢'s family of marks. Your simulation of the 99¢'s marks will impermissibly deceive customers into believing that 99¢ Plus' business is 99¢'s business or is licensed, sponsored, or authorized by 99¢. 99¢ demanded that you immediately cease this blatant and prominent copying of 99¢'s trademark rights.

However, you ignored 99¢'s demand. You did not respond to my letter and contacted neither this office nor 99¢ directly. 99¢ pursues infringers to the full extent of the law, and as a result, numerous former infringers throughout the United States have come to recognize 99¢'s

Orange County        San Francisco       Los Angeles        Riverside        San Luis Obispo
949-760-0404         415-954-4114        310-551-3450       951-781-9231      805-547-5580

Exhibit 17
-39-

**Knobbe Martens Olson & Bear LLP**

June 18, 2007
Page -2-

intellectual property rights either voluntarily or by Court order.  Reserving all of its rights and remedies, 99¢ renews its demands that you:

    1)    Change the name of its store by removing all references to "99¢" or "99 cents" from its name, signage materials, and any other business materials; and

    2)    Change its signage, store design, and any other business materials to alter the marks used therein so that they no longer infringe 99¢'s protected family of names and marks.

If you fail to fully comply with 99¢'s demands to cease and desist as described above, we will recommend to 99¢ that it initiate an infringement suit in federal district court seeking the above relief as well as monetary damages.  Please reply by no later than July 27, 2007.

Sincerely,

Jeremy R. Pierce

cc:    Boris Zelkind, Esq.
       Brenda Heavill

4032886
071807

Exhibit 17
-40-