Steven J. Nataupsky (State Bar No. 155,913)
*Steven.Nataupsky@kmob.com*
Frederick S. Berretta (State Bar No. 144,757)
*Fred.Berretta@kmob.com*
Boris Zelkind (State Bar No. 214,014)
*Boris.Zelkind@kmob.com*
Jeremy R. Pierce (State Bar No. 246,961)
*Jeremy.Pierce@kmob.com*
KNOBBE, MARTENS, OLSON & BEAR, LLP
550 West C Street, Suite 1200
San Diego, CA 92101
Phone: (619) 235-8550
Facsimile: (619) 235-0176

Attorneys for Plaintiff
99¢ ONLY STORES

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 99¢ ONLY STORES, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>99¢ PLUS DISCOUNT STORE, a California company, ABDUL RAHMIN, an Individual, and DOES 1-20, INCLUSIVE,<br><br>Defendants. | Civil Action No. 07-cv-06395-CRB<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS 99¢ PLUS DISCOUNT STORE AND ABDUL RAHMIN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(B)(2)**<br><br>Date:  June 6, 2008<br>Time:  8:30 a.m.<br>Ctrm:  8<br><br>Before the Honorable Charles R. Breyer |

1      This Court, having reviewed Plaintiff's Application for Entry of Default Judgment
2  Against Defendants Pursuant to Federal Rule of Civil Procedure 55(b)(2), and all documents
3  in support of application for Entry of Default Judgment, and good cause being shown,
4  HEREBY ORDERS, ADJUGES, AND DECREES THAT:

5      1.    This Court has personal jurisdiction over Plaintiff 99¢ ("NDN") and
6  Defendants 99¢ Plus Discount Store and Abdul Rahmin (jointly "Defendants"). This Court
7  also has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121, 28 U.S.C. §§
8  1331 and 1338, and under the doctrine of supplemental jurisdiction set forth in 28 U.S.C. §
9  1367. All Defendants reside within this judicial district and a substantial part of the events
10 and omissions giving rise to the claims herein occurred within this judicial district and,
11 therefore, venue properly lies in this district under 28 U.S.C. §§ 1391(b).

12     2.    NDN is the owner of several valid and enforceable Federal service mark
13 registrations for its marks, including Reg. No. 1,395,427 issued in 1986; No. 1,455,937 issued
14 in 1987; Nos. 1,712,553 and 1,730,121 and 1,741,928 issued in 1992; No. 1,747,549 issued in
15 1993; Nos. 1,947,809 and 1,959,640 issued in 1996; Nos. 2,401,900 and 2,761,939 issued in
16 2000; Nos. 3,132,449 and 3,132,450 and 3,144,871 issued in 2006. The following
17 registrations have become incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C.
18 § 1065 and are conclusive evidence of NDN's exclusive right to use these marks: Reg. Nos.
19 1,712,553; 1,730,121; 1,741,928; 1,747,549; 1,947,809; 1,959,640; and 2,401,900. NDN is
20 the owner of several valid and enforceable California state registrations for its marks,
21 including Reg. Nos. 23,078 and 23,958 registered in 1985; No. 40,745 registered in 1992; and
22 No. 42,970 registered in 1994 (together with the federally registered marks identified above,
23 referred to collectively herein as "NDN Marks"). Thus, NDN has developed a protectable
24 family of "99¢" marks that it uses extensively throughout its business and which emphasizes
25 the common "99" element of its family of NDN Marks in slogans, promotions, and
26 advertising. In addition, NDN has a valid, protectable interest in its distinctive trade dress,
27 trade name and common-law service marks.

28 / / /

[Proposed] Order Granting Plaintiff's
Application For Default Judgment    - 1 -    Case No. 07-cv-06395-CRB

3. Defendant Abdul Rahmin operates a discount store 585 Front Street, Soledad, California under the name "99¢ Plus Discount Store." Defendants' store name, logo, signage, and trade dress are confusingly similar to that of NDN and constitute a false designation of origin, infringe and dilute NDN's family of NDN Marks, trade name, federal service mark registrations, common law marks, and trade dress as set forth in Paragraph 2 above. Defendants activities also infringe and dilute NDN's marks registered in the State of California in violation of California Business & Professional Code §§ 14320 and 14330. By their infringing acts, Defendants further unfairly compete with NDN in violation of 15 U.S.C. §1125(a), California Business and Professional Code §17000 et seq., and the common law.

4. Plaintiff's Motion for Entry of Default Judgment against Defendants is hereby granted.

5. Defendants and their officers, agents, and employees and upon those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined and restrained from:

   A. Using, copying, simulating, or in any other way infringing NDN's family of federally registered, state registered, and common law service marks, trade names, and trade dress, including, but not limited to, Federal Registration Nos. 1,959,640; 2,401,900; 1,947,809; 1,747,549; 1,741,928; 1,730,121; 1,712,553; 1,455,937; 1,395,427; 2,761,939; 3,132,449; 3,132,450; and 3,144,871; and California State Registration Nos. 23,078; 23,958; 40,745; and 42,970;

   B. Displaying any signage or other business identifiers, including, but not limited to, building signs, directional signs, monument signs, computer templates, banners, advertising media, menus, business cards, and brochures containing prominently featured characters "99", "99¢", "$.99", or "$0.99" or any characters confusingly similar thereto;

   C. Using "99", "99¢", "$.99", or "$0.99", or any mark confusingly similar thereto, as the name or part of the name of Defendants' business or corporation, and displaying any references to "99", "99¢", "$.99", or "$0.99", or any mark confusingly similar thereto, in or in connection with Defendants' business or corporate name;

        D.      Using the "¢" symbol to refer to "cent(s)" or "Cent(s)" as part of the name of Defendants' business or on any signage as part of the name or identifier of Defendants' business;

        E.      Using the numeral "99" as a feature of any business or corporate name;

        F.      Use the numeral "99" as a feature of any business identifiers, including, but not limited to, building signs, directional signs, monument signs, computer templates, banners, advertising media, menus, business cards, and brochures;

        G.      Using the numeral "9" as a stylized or fanciful numeral as part of a business name and, instead, must use the numeral "9" as a block numeral;

        H.      Using any of the marks from NDN's family of federally registered and common law service marks, NDN's trade names, and NDN's trade dress or anything confusingly similar in the operation of Defendants' business including on the signage, storefront façade, interior décor, shopping carts, bags, baskets, merchandise stickers, cash register receipts, employee aprons, shirts, and name tags, vehicles, letterhead, purchase orders, company brochures and business cards, website, and advertising, and in connection with any other business identifiers, such as building signs, directional signs, monument signs, computer templates, banners, advertising media, and menus;

        I.      Using purple, pink and/or blue color hues for the mark and name of Defendants' business wherever that business mark and/or name is used by Defendants, including use of the business mark and/or name on the items and places described in ¶5.H;

        J.      Referring to "99¢ store(s)" or "99¢ Store(s)" as if they were generic terms applicable to a category of deep discount or other retail stores; and

        K.      Using, copying, simulating, or otherwise mimicking NDN's trade dress.

6.     The terms in paragraph 5 shall remain in force in perpetuity.

7.     This Court retains jurisdiction over this matter for the purpose of making any further orders necessary or proper for the construction of this Judgment, the enforcement thereof and the punishment of any violations thereof.

/ / /

*1*     8.     Defendants shall pay costs incurred by NDN as a result of this litigation in the total amount of $1,330.69, as set forth in the Declaration of Boris Zelkind.  This amount does not include attorney fees.

        9.     After this Default Judgment has been entered by the Court, NDN shall promptly serve a copy of it on Defendants, and NDN shall file with the Court a proof of service thereof within ten (10) days thereafter.

        IT IS SO ORDERED.

Dated:_____        By:_____
                                          Honorable Charles R. Breyer.
                                          U.S. District Court Judge

[Proposed] Order Granting Plaintiff's
Application For Default Judgment        - 4 -             Case No. 07-cv-06395-CRB