**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 99¢ ONLY STORES,<br><br>    Plaintiff,<br><br>  v.<br><br>99¢ PLUS DISCOUNT STORE, et al.,<br><br>    Defendants.<br>_____/ | No. C 07-06395 CRB<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

     This is a federal and state law action for trademark infringement. Now pending before the Court is plaintiff's motion for a Federal Rule of Civil Procedure 55(b) default judgment. Defendants have not responded to the motion and have not otherwise communicated with the Court. After carefully considering the moving papers, the Court concludes that oral argument is unnecessary and GRANTS plaintiff's motion.

### ALLEGATIONS OF THE COMPLAINT

     Plaintiff, a publicly traded company on the New York Stock Exchange, owns over 200 deep-discount retail stores in California, Nevada, Texas and Arizona, along with the 99¢ mark in various iterations. Defendant Abdul Rahmin owns and/or operates defendant 99¢ Plus Discount Store located at 585 Front Street, Soledad, California 93960. Defendants' use of the mark creates consumer confusion and dilutes the value of plaintiff's mark.

1   In June 2007, plaintiff twice sent defendants letters demanding that they cease and
2   desist the use of plaintiff's 99¢ mark. Defendants have not ceased using the mark.
3   Accordingly, plaintiff filed this lawsuit for trademark infringement in December 2007.

## PROCEDURAL HISTORY

Plaintiff's makes claims under the Lanham Act and the California Unfair Competition law. Defendants were served with the lawsuit in January 2008 and their default was entered in April 2008. Plaintiff now moves for default judgment seeking injunctive relief and costs. As of the date of this Order, defendants have not responded to the motion or otherwise communicated with the Court.

## DISCUSSION

After the Clerk of the Court enters a party's default, the district court has discretion to grant default judgment against that party. See Fed.R.Civ.P. 55(b)(2); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980). In deciding whether to grant default judgment a court considers several factors, including (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986). The court also considers "the factual allegations of the complaint, except those relating to the amount of damages, . . . as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir.1977).

All of the factors weigh in favor of granting plaintiff's motion for a default judgment. The complaint more than adequately alleges trademark infringement. Plaintiff's claim appears to have merit as defendants use plaintiff's 99¢ mark to market products/services that are nearly identical to those marketed by plaintiff; thus, there is a likelihood of consumer confusion. Plaintiff will be prejudiced if defendants continue to use the confusing mark and there is little money at stake as plaintiff seeks only $1,330.69 in costs. Finally, there is nothing in the record that suggests the default was the result of excusable neglect as defendants have ignored numerous notices given over the course of a year.

**United States District Court**
For the Northern District of California

Accordingly, plaintiff's motion for a default judgment is GRANTED. The Court will award plaintiff its requested costs of $1,330.69 which the Court finds are reasonable. The injunctive relief sought by plaintiff, however, is overbroad. The Court will issue injunctive relief which addresses the conduct before the Court, namely, defendants' use of 99¢ in its business name. In particular, defendants and their officers, agents, and employees and upon those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, will be permanently enjoined and restrained from:

A.  Using, copying, simulating, or in any other way infringing plaintiff's family of federally registered, state registered, and common law service marks, trade names, and trade dress, including, but not limited to, Federal Registration Nos. 1,959,640; 2,401,900; 1,947,809; 1,747,549; 1,741,928; 1,730,121; 1,712,553; 1,455,937; 1,395,427; 2,761,939; 3,132,449; 3,132,450; and 3,144,871; and California State Registration Nos. 23,078; 23,958; 40,745; and 42,970; and

B.  Using "99", "99¢", "$.99", or "$0.99", or any mark confusingly similar thereto, as the name or part of the name of Defendants' business or corporation, and displaying any references to "99", "99¢", "$.99", or "$0.99", or any mark confusingly similar thereto, in or in connection with Defendants' business or corporate name.

**IT IS SO ORDERED.**

Dated: July 8, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE